Filed 8/24/23  P. v. Madriles CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RICHARD MADRILES,<br><br>  Defendant and Appellant. | G061686<br><br>(Super. Ct. No. 12NF1705)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne G. McGinnis, and James M. Toohey Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

This appeal arises from a resentencing petition pursuant to Penal Code former section 1170.95 (now Pen. Code § 1172.6),[1] which the trial court denied at the prima facie stage. The crux of the issue is: When defendant Richard Madriles was charged with murder in 2014, the People could have proceeded on a theory of natural and probable consequences. However, by the time Madriles pleaded guilty to voluntary manslaughter in 2021, the doctrine of natural and probable consequences was no longer a viable theory of murder. Despite the change in the law, Madriles contends, under a plain reading of the statute, he is eligible for resentencing. We disagree and affirm the order.

STATEMENT OF THE CASE

In 2014, Madriles was charged with murder (§ 187, subd. (a)) and active participation in a criminal street gang (§ 186.22, subd. (a)). As enhancements, it was further alleged the murder was committed for the benefit of a street gang and "another principal intentionally discharged a firearm causing death . . . ." It was also alleged that Madriles personally discharged a firearm causing the victim's death.

In 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which eliminated the doctrine of natural and probable consequences as a theory of murder. (Stats. 2018, ch. 1015.)

In 2021, the information was amended to add a count of voluntary manslaughter. Madriles pleaded guilty to voluntary manslaughter and made the following admission: "In Orange County, California, on May 15, 2012, I unlawfully and without malice aided and abetted in the killing of Omar R. upon a sudden quarrel, and I committed this crime for the benefit of and in association with Eastside Anaheim, a

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 with no change in text (Stats. 2022, ch. 58, § 10). All statutory references are to the Penal Code.

criminal street gang, intending to promote and assist in criminal conduct by members of that gang." He agreed to a sentence of 16 years in state prison.

Effective January 1, 2022, section 1172.6 was amended to permit a person convicted of manslaughter to file a petition for resentencing, under certain conditions which we discuss below. (Stats. 2021, ch. 551, § 2.)

In March 2022, Madriles filed the underlying petition for resentencing pursuant to section 1172.6. The petition was filed on a preprinted form in which Madriles checked three boxes corresponding to the three conditions for a petition set forth in section 1172.6, subdivision (a)(1)-(3). Madriles requested and was appointed counsel.

After briefing from both sides, and a hearing, the court denied the petition at the prima facie stage. Madriles appealed.


DISCUSSION

Madriles contends that under a literal reading of section 1172.6, he is eligible for resentencing. Where a court denies a petition for resentencing pursuant to section 1172.6 at the prima facie stage, our review is de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) We conclude that Madriles's interpretation of section 1172.6 fails to capture the intent of the Legislature.

Former section 1170.95 was enacted pursuant to Senate Bill 1437, which made major changes to theories of vicarious liability for murder. The purpose of Senate Bill section 1437 was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The result was the elimination of the doctrine of natural and probable consequences as a viable theory for murder liability.

3

(*People v. Strong* (2022) 13 Cal.5th 698, 707 fn. 1.) The bill did this by amending section 188, subdivision (a)(3), to say, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."[2] "Senate Bill 1437 also added [former] section 1170.95 to the Penal Code, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957, fn. omitted (*Lewis*).) In January 2022, the Legislature amended section 1172.6 to extend resentencing to those convicted of attempted murder and manslaughter.

Section 1172.6, subdivision (a), permits a petition for resentencing on the following three conditions:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

---

[2] Prior to Senate Bill 1437, the law permitted a murder conviction *without* malice under the natural and probable consequences doctrine: """A person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime."' [Citations.] 'Thus, for example, if a person aids and abets only an intended assault, but a murder results, that person may be guilty of that murder, even if unintended, if it is a natural and probable consequence of the intended assault.'" (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)

On a very literal reading of this statute, Madriles contends he satisfies each of these conditions, even though there is no possibility his plea had anything to do with murder liability under a theory of natural and probable consequences. As to the first element, when the amended complaint was filed in 2014, several years prior to the passage of Senate Bill 1437, Madriles certainly could have been convicted of murder on a theory of natural and probable consequences. As to the second element, Madriles pleaded to manslaughter when he could have been convicted of murder. As to the third element, Madriles attested that he could not presently be convicted of murder, which we must accept as true at this prima facie stage (though whether this is actually true would be determined at a subsequent evidentiary hearing if Madriles established a prima facie entitlement to relief). (See § 1172.6, subd. (d)(3) ["At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019"]; *Lewis, supra,* 11 Cal.5th at p. 971 ["the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause"'"].)

However, we are not persuaded that Madriles's reading of the statute captures the Legislature's true intent. The primary goal of statutory interpretation is to ascertain the intent of the Legislature. (*Webster v. Appellate Division of Superior Court* (2020) 51 Cal.App.5th 676, 680.) "Our first step is to scrutinize the words used in the statute and give them a plain and commonsense meaning. If the language is clear and unambiguous, there is no need for construction or for resort to indicia of the Legislature's intent. However, the literal meaning of a statute must be aligned with its purpose.

5

Therefore, the meaning of a statute may not be determined from a single word or sentence. The words must be construed in context, and provisions relating to the same subject matter or that are part of the same statutory scheme must be read together and harmonized to the extent possible." (*Bode v. Los Angeles Metropolitan Medical Center* (2009) 174 Cal.App.4th 1224, 1236-1237.)

Here, we need not depart from the literal words of the statute in order to effectuate the Legislature's intent. The context and purpose of section 1172.6 is quite clear: the Legislature created a statutory mechanism to resentence prisoners whose conviction, whether by trial or by plea, had been the result of a murder charge under a theory of natural and probable consequences (or felony murder). The first condition to obtaining relief under section 1172.6 is that a complaint was filed against the defendant that allowed the prosecution to "proceed" with a murder charge in reliance on the doctrine of natural and probable consequences. Madriles treats the first condition as though it is a snapshot in time: if, at the time of the filing, the prosecution could rely on the natural and probable consequences doctrine, the condition is met. But this interpretation fails to reckon with the word "proceed," which connotes an ongoing state of affairs, not a snapshot in time. The Merriam Webster's Collegiate Dictionary defines "proceed" as "to move along a course," which we believe is the meaning intended by the Legislature. (Merriam Webster's Collegiate Dict. (10th ed. 1996) p. 929.) Here, that course begins with a complaint but carries on through a conviction. For the first condition to be met, the pleading must have permitted the prosecution to proceed all the way to a conviction in reliance on a murder charge that depended on the natural and probable consequences doctrine. That condition was not met here. Although that was a viable path for the prosecution early in the litigation, Senate Bill 1437 was enacted prior to any trial or plea in this matter, which prevented the prosecution from *proceeding* to a conviction on a murder charge that relied on the theory of natural and probable

6

consequences.[3]  This interpretation both gives literal effect to the words of the statute and harmonizes with the purpose of the statute.[4]  Accordingly, Madriles was not eligible for resentencing under section 1172.6 as a matter of law, and the court was correct to deny his petition at the prima facie stage.[5]

---

[3]  We observe that the voluntary manslaughter charge added immediately prior to the plea deal likewise fails to satisfy section 1172.6, subdivision (a)(1), because voluntary manslaughter is neither murder nor a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (*Ibid.*)  Voluntary manslaughter is, by definition, a killing *without* malice.  (§ 192, subd. (a).)

[4]  To the extent our interpretation could be viewed as departing from the literal meaning of the statute, we would nonetheless affirm the court's order.  "A statute may be construed in a manner that goes beyond the literal meaning of its text to avoid an absurd result the legislature could not possibly have contemplated." (*Almond Alliance of California v. Fish & Game Commission*, S275412, Supreme Ct. Mins., Sept. 21, 2022, p. 1161.)  "In general, it is settled that the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature did not intend.  To this extent, therefore, intent prevails over the letter of the law and the letter will be read in accordance with the spirit of the enactment." (*In re Michele D.* (2002) 29 Cal.4th 600, 606.)  We find that it would be an absurd result to permit resentencing where there is no legal possibility that Madriles could have been convicted of murder under a defunct theory of natural and probable consequences.

[5]  Madriles also contends that the People forfeited any argument that section 1172.6, subdivision (a)(1) was not satisfied.  Although some of the prosecutor's commentary at the hearing was wishy washy regarding subdivision (a)(1), the prosecutor did ultimately assert that "[e]lement 1 has not been met" in light of "what the [L]egislature intended in the legislative history."  The trial court seemed to recognize the People's position, stating, "And for anybody reviewing this, I'm not indicating there's a concession" in relation to the first element.  In any event, our review is de novo and whether subdivision (a)(1) was satisfied here presents a pure question of law.  Under the circumstances, we would exercise our discretion to not find a waiver.  (*Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 367, fn. 34 ["appellate courts enjoy broad discretion *not* to hold an appellant to an implied waiver and may entertain an issue on appeal that might otherwise have been deemed waived by inaction or omission"].)

7

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.